UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:11-CR-63-GFVT-HAI-1 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| CHRISTOPHER BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release conditions by Defendant Christopher Bryant.  This is Defendant's second revocation.

District Judge Van Tatenhove entered a judgment against Defendant in May 2012 following a guilty plea to violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Defendant received a sentence of thirty-three months imprisonment followed by a thirty-six month term of supervised release.  D.E. 31.  Defendant began his first term of supervised release term on February 28, 2014.  On July 10, 2014, the United States Probation Office (USPO) submitted a "Report on Offender Under Supervision" indicating that, on June 11, 2014, Defendant provided a urine specimen that tested positive for the presence of buprenorphine (Suboxone).  D.E. 33.  After assurances from Defendant that there would be no further issues with positive test results, the USPO requested no action by the Court in lieu of increased drug testing and outpatient substance abuse treatment.  *Id*.  Judge Van Tatenhove approved that request.  D.E. 33.

On December 4, 2014, the USPO submitted a Supervised Release Violation Report that charged Defendant with two violations related to the use of oxycodone.  Defendant stipulated to both violations.  D.E. 40.  Following a final hearing, the undersigned recommended revocation with 24 months' imprisonment, followed by twelve months of supervised release.  D.E. 42.  Defendant objected, and asked to appear before Judge Van Tatenhove.  D.E. 43.  After holding an additional hearing, Judge Van Tatenhove overruled Defendant's objections and adopted the recommended penalty.  D.E. 46, 47.

The current violation allegations stem from a Supervised Release Violation Report ("the Report") issued by the USPO on October 31, 2016.  The Report charges two violations.  The first is an alleged violation of Standard Condition No. 7, which requires that Defendant "refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."  According to the Report:

> On October 21, 2016, this officer contacted the defendant at his residence for the purpose of obtaining a urine specimen for drug testing. At the time the urine sample was collected from the defendant, Bryant was questioned about the recent use of any substances in addition to his prescription medications, which he denied. Bryant provided a urine specimen which was sealed and sent to Alere Toxicology Services for testing.
> On October 30, 2016, Alere Toxicology Services returned a positive test result for Oxymorphone.

This is a Grade C Violation.

Second, in relation to this positive drug test, the Report charges Defendant with violating the condition that he not commit another federal, state, or local crime.  Noting the Sixth Circuit's decision that use of a controlled substance includes possession and Defendant's prior drug conviction, Violation Two charges Defendant with conduct that would be a federal crime, that is,

2

possession of oxymorphone, a Schedule II controlled substance. Such conduct would be a Class E felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on November 18, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 51. The United States moved for interim detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the undersigned remanded Defendant to the custody of the United States Marshal. *Id.*

At the final hearing on November 23, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 53. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for both violations as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violation Two under the standard of § 3583(e).

## I.

The Court has evaluated the entire record, the Supervised Release Violation Report and accompanying documents, the documents related to Defendant's prior revocation, and the sentencing materials from the underlying Judgment. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a Class C felony. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2),

3559(a)(3). For a Class C felony, the maximum revocation sentence provided under § 3583 is twenty-four months of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation One and a Grade B violation with respect to Violation Two. Given Defendant's criminal history category of VI (the category at the time of the conviction) and a Grade B violation,[1] Defendant's range, under the Revocation Table of Chapter 7, is twenty-one to twenty-seven months. However, as noted previously, the maximum revocation sentence for a Class C felony is twenty-four months under § 3583, which effectively reduces the top of Defendant's range from twenty-seven months to twenty-four months. *See* U.S.S.G. § 7B1.4(b)(3)(A) (capping the sentence that may be imposed within the range at the statutory maximum).

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b), (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. § 924(a)(2) and § 3583(b)(2), the maximum term of supervised release that can be re-imposed is thirty-six months. However, upon Defendant's previous revocation, he was sentenced to 24 months' imprisonment, which reduced his available supervised release to twelve months—a term

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

that the Court imposed.  In this case, if Defendant is sentenced to a term of imprisonment greater than twelve months, there will be no available supervised release that can be reimposed under § 3583(h).  *See United States v. Vera,* 542 F.3d 457, 462 (5th Cir. 2008) (holding "under § 3583(h) 'the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.'")

## II.

At the final hearing, the parties argued for different penalties.  The United States urged the Court to revoke and impose a sentence of 24 months' imprisonment.  As just explained, no term of supervised release could follow a sentence of this length.

The government considered the circumstances of this case to be aggravating:  Defendant was previously revoked, but re-violated a month after being re-released.  Further, on the day he submitted the specimen, he denied to the Probation Officer that he had recently used unprescribed drugs.  The government argued that Defendant's extensive criminal history, containing multiple incidences of violence and a prior revocation, necessitates the maximum term of imprisonment allowable.  The maximum term, the government argued, is necessary to protect the public.  The deterrence factor also favors a long term of incarceration, the government argued, although the previous 24-month term failed to deter the current violation.  Also, the government noted that oxycodone (the drug underlying this violation and the previous revocation) was not a drug listed among those Defendant abused prior to his original sentence.

Defense counsel argued for 21 months' incarceration.  Defense counsel emphasized Defendant's history of mental health issues and medications.  These issues, counsel argued, affect Defendant's decisionmaking ability.  Counsel argued that Defendant's addiction has not

5

been adequately addressed.  Counsel asked that Defendant be placed in a facility that can provide adequate mental health and drug addiction treatment programs.

Defendant addressed the Court.  He said he had tried his best, but he needed more help.

### III.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature.  By statute, the Court must revoke Defendant because he possessed a controlled substance.  *See* 18 U.S.C. § 3583(g)(1);  *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range.

The nature and circumstances of Defendant's underlying conviction are serious.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release).  Any firearm conviction is troubling.  However, when combined with Defendant's particularly violent criminal history, it weighs heavily in favor of a significant term of imprisonment.

Defendant's history and characteristics indicate a particularly troubling and violent criminal history.  His criminal history reflects ten assault convictions in a nine year period, plus three assault charges that were dismissed.  These assaults contain particularly troubling details such as grabbing his mother by her throat, multiple instances of choking, and hitting a twelve year old girl in the stomach and neck.  Further, Defendant has a conviction for violating an emergency protective order, two convictions for driving under the influence, and two convictions for terroristic threatening in which he told victims troubling things such as "he would put [them]

6

six feet under." Defendant's supervised release has been previously revoked for using the same drug he now admits to using again. And illegal drug use by Defendant is a federal felony. A lengthy term of imprisonment is needed to deter future criminal conduct because Defendant's prior convictions and resulting sentences have not served to deter his criminal conduct.

Even more pressing is the need to protect the public in light of Defendant's history of violence and drug use. Defendant's criminal history shows that his violent tendencies are not directed at just one specific person but multiple people on different occasions. Moreover, since being on release he has tested positive for two different controlled substances without a prescription. Given his violent past, this drug use represents a significant risk of danger to the public at large.

The need to avoid unwarranted sentencing disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e). Here, Defendant has violated his release conditions repeatedly, and violated soon after being released. Moreover, Defendant lied to his probation officer about this drug use. Given his significantly violent criminal history and the violations in this matter, a significant term of

imprisonment is warranted to address Defendant's breach of trust, to protect the public, and to deter criminal conduct.

A sentence of twenty-four months is within the Guidelines Range and, for the reasons stated above, the Court finds it is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). As previously explained, given this sentence, Defendant is not eligible for another term of supervised release.

## IV.

Based on the foregoing, the Court **RECOMMENDS** revocation with a term of imprisonment of twenty-four months, with no supervised release to follow. Further, the Court recommends that the Defendant be provided with mental health and drug abuse treatment while imprisoned.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 29th day of November, 2016.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**