UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER BRYANT, )<br>)<br>    Defendant. )<br>) | Crim. No.: 6:11-cr-00063-GFVT-HAI<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly A. Ingram [R. 54] filed herein on November 29, 2016. The Defendant, Christopher Bryant, was charged with two violations of his Supervised Release after a urine specimen tested positive for Oxymorphone. [*Id*. at 1.]

Bryant first violated the terms of his supervised release in June 2014. [*Id.*] At that time, the Court granted the request of the United States Probation Office that no action by taken "in lieu of increased drug testing and outpatient substance abuse treatment." [*Id.*]

Bryant again violated the terms of his supervised release in December 2014 by testing positive for oxycodone use. [*Id*. at 2.] The Defendant's supervised release was revoked and he was sentenced to a twenty four month term of imprisonment, followed by twelve months of supervised release. [*Id.*]

The Defendant's current supervised release violation is outlined in a Supervised Violation Report issued by the United States Probation Office on October 31, 2016. [*Id.*] The

Defendant provided a urine specimen on October 21, 2016, which tested positive for Oxymorphone on October 30, 2016. [*Id*.] This resulted in two violations to Defendant's Supervised Release. Violation One, using a controlled substance, is a Grade C violation. Violation Two, possessing Oxymophone, is a Grade B violation. [*Id*. at 3.]

Upon evaluation of the entire record, Magistrate Judge Ingram issued an R&R recommending revocation and a term of imprisonment of twenty four months with no supervised release to follow. [*Id*. at 8.] Judge Ingram also recommended that the Defendant be provided with mental health and drug abuse treatment while incarcerated. [*Id*.] Further, the Defendant waived his right of allocution. [R. 55.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Magistrate's Recommended Disposition [**R. 54**] as to Christopher Bryant is **ADOPTED** as and for the Opinion of the Court;

    2.    Mr. Bryant is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended

Disposition of the Magistrate Judge;

      3.      Mr. Bryant's Supervised Release is **REVOKED**;

      4.      Mr. Bryant is hereby sentenced to a term of incarceration for **twenty four (24) months** with no supervised release to follow; and

      5.      Mr. Bryant is to receive mental health and drug abuse treatment while incarcerated.

This 28th day of December, 2016.

Gregory F. Van Tatenhove
United States District Judge